No. 2279

Second Circuit

HUTCHINSON BROS. v. JONES, JR.

(November 6, 1926. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Sequestration — Par. 30.

The adverse party not having given notice that he claimed that the bond furnished to secure a writ of sequestration was insufficient as to form or substance, and the plaintiff having had no opportunity to cure the irregularities or file a new bond as provided in Act 112 of 1916, it was error for the trial judge to dissolve the writ on account of the irregularities in the bond.

Appeal from the Tenth Judicial District Court of Louisiana, Parish of Natchitoches. Hon. E. St. Anne Prudhomme, Special Judge.

Action by Hutchinson Brothers against James W. Jones, Jr.

There was judgment for defendant and plaintiff appealed.

Judgment dissolving writ of sequestration set aside and case remanded to be proceeded with according to law.

Rusca & Cunningham, of Natchitoches, attorneys for plaintiff, appellant.

J. W. Jones, Jr., of Natchitoches, attorney for defendant, appellee.

ODOM, J. Plaintiff brings this suit to recover an alleged balance due on the

purchase price of a piano which it had sold to defendant, and alleging that it had a vendor's lien on the said piano it asked for an order of sequestration. The order for the writ was signed by the clerk and the amount of the bond was fixed at $300.00. Plaintiff executed the bond and the writ issued. Defendant filed a motion to dissolve the writ on the grounds:

First: That the bond is made payable to defendant and not to the clerk as the law directs.

Second: That no amount is written into the bond.

Third: That there was no affidavit by either principal or surety as to solvency as the law directs; and

Fourth: That no privilege existed and that the allegations made to secure the writ were false.

There was judgment in the lower court sustaining the motion to dissolve the writ, from which plaintiff has appealed.

## OPINION

Conceding that the bond filed by plaintiff is open to the objections urged by defendant, it does not follow that the writ should have been dissolved under the circumstances disclosed by the record.

Section 2 of Act 112 of 1916 provides:

"That whenever any litigant in this state shall have furnished in connection with any judicial proceedings a bond and surety, and the said bond is insufficient in amount or incorrect by reason of errors or omissions therein, such litigant shall have the right to correct such insufficiency, error or omission in the court of original jurisdiction, and to furnish new, or additional bond and surety conditioned according to law; * * *"

Section 3 provides that this right shall be exercised as follows:

"The party desiring to furnish such new or such supplemental or additional bonds shall have the right so to do at any time prior to judgment; if the adverse party or any other party in interest shall cause to be served upon him through the proper officer for service a notice that such adverse party or the party in interest claims that a bond furnished in the proceedings to which he is a party or in which he has an interest is insufficient either as to form or substance or of the solvency, or because of the pecuniary insufficiency of the surety or sureties thereon, the said party who has furnished such bond shall have the right within two days, exclusive of Sundays, legal holidays and half holidays, to furnish a new bond, or supplemental bond, or additional bond, above referred to. * * *"

The provisions of the above act were not invoked by defendant, appellee, to have the errors and omissions of the bond corrected or a new bond given. Defendant served no notice in any manner upon the plaintiff that he claimed that the bond filed was insufficient either as to form or substance or of the solvency of the surety thereon.

While the evidence taken on the motion to dissolve is not in the record, if any was taken, it was stated by counsel for plaintiff, appellant, in argument before this court and in brief, and his statement is not disputed, that he did not know that a motion to dissolve had been filed until the day on which the motion was set down for trial, when the special judge sent a deputy sheriff to his office to notify him to go to court for the trial of the motion. When he entered the courtroom he protested against an immediate trial of the motion on the ground that he had not.

seen the record and had had no opportunity to inspect it; as he was informed that it had up to that time been in the possession of the defendant. The trial judge postponed further proceedings until 2 o'clock of the same day, at which time the trial was proceeded with and judgment rendered dissolving the writ.

Counsel, in brief, state that when the motion was called for trial he asked the court for time in which to cure the omission and irregularities complained of or to file another bond, which request was denied by the court.

The adverse party not having given notice that he claimed that the bond furnished to secure a writ of sequestration was insufficient as to form or substance, and the plaintiff having had no opportunity to cure the irregularities or file a new bond as provided in Act 112 of 1916, it was error for the trial judge to dissolve the writ on account of the irregularities in the bond.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from, dissolving the writ of sequestration on account of irregularities in the bond, be set aside; and it is further ordered that the case be remanded to the District Court and reinstated on the docket to be proceeded with according to law.

Costs of this appeal to be paid by appellee.